**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRISTOPHER OWEN**                                                    **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 4:20-CV-51-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Social Security Disability and/or Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the court on the record at the conclusion of the parties' oral argument on, the court finds that the decision of the Commissioner of Social Security is supported by substantial evidence and there are no reversible errors.

The plaintiff argued the ALJ erred in failing to find that the plaintiff had severe non-exertional limitations because of his depression and anxiety. The ALJ performed the appropriate Paragraph B analysis, finding that the plaintiff suffered from multiple mild limitations, but that he did not have a severe mental impairment. The court considers it a close question as to

whether the ALJ should have found these conditions rose to the level of severe impairments under *Stone v. Heckler,* 752 F.2d 1099 (5th Cir. 1985). But even if this was error, because the analysis proceeded beyond Step Two, there was no prejudicial error. *Garcia v. Berryhill*, 880 F.3d 700 (5ht Cir. 2018).

The plaintiff also contends that the ALJ erred in assessing the plaintiff's pain. While the plaintiff described severe, chronic pain, he also consistently reported to his treating physicians the pain was well-controlled, down to an 2-3 on a 10-point scale. The court finds that the ALJ's analysis of the plaintiff's pain is supported by substantial evidence.

The plaintiff also argues that the ALJ erred in his assessment of the side effects of Owen's pain medications. The court acknowledges that the plaintiff had a chronic pain problem for which he took substantial doses of oxycodone and methadone. He testified that these medications caused him to feel tired and groggy. Given the side effects of these opioid medications are well known among lay people, the court has no trouble crediting the plaintiff's claims that he suffered these side effects. But it is apparent, that the ALJ also accepted that the plaintiff had side effects from his pain medications. Substantial evidence supports the ALJ's RFC that limited the plaintiff to unskilled work but did not find him disabled. Among other things, one of the plaintiff's treating physicians noted that the plaintiff had either been able to work, despite use of the opioids, or had been employed while on these medications.

Finally, the court rejects the plaintiff's argument that the ALJ erred in his Step Three analysis of whether the plaintiff met the Listing 1.04 for his back problems. Even if the plaintiff's argument is correct that the ALJ made a factual error in his analysis of some element of the Listing, the error is harmless. The plaintiff clearly does not meet all requirements in the

1.04 Listing and therefore cannot be deemed disabled at Step Three on this Listing. Correcting any factual error could not alter the outcome.

The decision of the Commissioner of Social Security is affirmed.

**SO ORDERED** this the 2nd day of February, 2021.

                                        **/s/ David A. Sanders**
                                        **U.S. MAGISTRATE JUDGE**