IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHRISTOPHER OWEN**                                                                         **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 4:20-CV-51-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the motion of the plaintiff, Christopher Owen, to alter or amend the court's judgment affirming the Commissioner's decision denying the plaintiff disability benefits. After due consideration, the court denies Owen's motion.

*Facts and Procedural History*

On March 17, 2018, Owen filed his application for disability insurance benefits alleging disability beginning September 1, 2014. After the application was denied at the lower levels, a hearing was held before an administrative law judge ("ALJ") on April 17, 2019. The ALJ found that Owen has two severe impairments: a disorder of the spine and hearing loss in his left ear. The ALJ did not find that his depression and anxiety were severe impairments. Following briefing and oral argument, this court entered judgment affirming the Commissioner's decision, and Owen filed a timely motion to alter or amend the court's judgment.

*Law and Standard of Review*

A motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. *Kennedy v. Jefferson Cty. Hosp.*, 2016 LEXIS 151875, 2016 WL 6495595, at *1 (S.D. Miss. Nov. 2, 2016) (citing *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007)). "Such relief is appropriate only in three circumstances: '(1) an

1

intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.* (citation omitted). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 775 (5th Cir. 2017).

## *Analysis*

In moving to alter or amend the court's judgment, Owen primarily argues two points. He argues that the ALJ did not restrict his RFC to allow for the side effects of his pain medication. The plaintiff's pain problems arose from a back injury years before onset. These pain problems lead for a time to abuse of the pain medicine, but the plaintiff overcame his addiction. He quit working when his job was transferred to Texas. The plaintiff testified that the medications made him tired and groggy, but the medical records do not record complaints of these side effects and a treating physician noted his past ability to work despite being on these medications.

The court indicated in its original decision that the ALJ had compensated for any side effects of medications by restricting the plaintiff to unskilled work. The jobs selected by the VE were in fact unskilled jobs,[1] but the plaintiff correctly points out, the ALJ did not restrict Owen's to unskilled labor in assessing the RFC. Because the medical records do not include complaints of these symptoms of side effects and because Owen continued to work while on and even while abusing pain medications, the court cannot find error in the failure to add restrictions for

---

[1] The court notes that the plaintiff challenges the VE's description of one of the jobs, the surveillance monitor, as unskilled, because it requires a level three reasoning, therefore creating a conflict between the VE's testimony and the DOT. The court has recently addressed and rejected this precise argument in *Clevenger v. Commissioner of Social Security*, 2012 WL 681117 (N.D. Miss Feb. 22, 2021). The plaintiff also argues that another job, the addresser job, is obsolete. The court has agreed with this argument in another recent decision, *Hardine v. Commissioner of Social Security,* 2021 WL 1098483 (N.D. Miss. Feb. 26, 2021), but the inclusion of an obsolete job is harmless error in this case.

medication side effects. Furthermore, given the availability of unskilled work, as shown by the VE's testimony, the court finds that failing to include more restrictions is at most harmless error.

Additionally the plaintiff alleges error at Step Two because the ALJ did not find his depression and anxiety to be severe conditions. The court, while finding this was a close call, did not find error. The ALJ thoroughly discussed the evidence in the record regarding Owen's mental conditions. The ALJ found that he had medically determined impairments of anxiety and depression, but that Owen did not have more than minimal limitations in his ability to perform basic work activities and his depression and anxiety were, therefore, not severe. The ALJ did the usual "paragraph B" analysis devoting more than a page of the opinion to a discussion of the records related to the four functional areas. She found the claimant had no more than mild limitations in his ability to understand, remember, and apply information; in interacting with others; in concentrating persisting or maintaining pace; and in adapting or managing himself. Almost every line of this discussion and analysis is followed by a citation to the record. She noted that his symptoms were well controlled with medication and that his anxiety and depression were situational and triggered by stress, but that he was able to "persist, adapt, and manage himself appropriately" despite "significant stressors." (R. 20-21)

The ALJ also discussed the findings of the state agency consultant's report and the report of a VA neuropsychologist on Owen's mental conditions. The DDS consultant found his mental impairments were severe, but found he could carry out simple, and some more detailed instructions, could cooperate with others, request help when needed, and respond to requests and feedback. He was also capable of timely completing task and sustaining ordinary work routines and adapting to workplace changes. While these are not limitations inconsistent with the ultimate finding that Owen was not disabled, the ALJ found this decision was not persuasive as objective

medical evidence showed that his symptoms were controlled by medication. The ALJ also discussed the report of the VA physician who found depression was the more significant limitation, his anxiety having resolved. But the VA physician found only mild impairments in his social and occupational functioning. (R. 25) Furthermore the court finds if there was any error in the Step Two analysis it was harmless. *Garcia v. Berryhill*, 800 F.3d 700 (5th Cir. 2018).

The court is constrained to affirm the denial. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). Because there is substantial evidence to support the decision, this court is not at liberty, under the law, to change the outcome.

## *Conclusion*

Accordingly, because Owen has failed to establish that the court's affirmation of the ALJ's denial of Social Security disability benefits was a clear error, the Motion to Alter or Amend Judgment is **DENIED**.

**SO ORDERED**, this the 9th day of June, 2021.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**